IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LEE HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 97-BU-1529-S |
| ) | |
| WILLIAM J. HENDERSON ) | |
| POSTMASTER GENERAL, ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ENTERED**

SEP 26 2000

## MEMORANDUM OPINION

The pro se plaintiff is a black man who brings a race discrimination claim and a retaliation claim. The case is before the court on the defendant's motion to dismiss or for summary judgment. Both parties have submitted materials outside of the pleadings. The court will therefore consider the documents supplied by the parties, as well as the plaintiff's pleadings, and determine whether there is sufficient evidence for the plaintiff's claims to proceed.

### Summary Judgment Standard

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P.56. In making that assessment, the court must view the evidence

in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, the non-moving party may not merely rest upon his pleadings, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).

### Background

The plaintiff worked for the Postal Service from March 3, 1973, until he voluntarily terminated his employment on July 7, 1986. The plaintiff, in an undated letter, requested reinstatement. He was informed by letter, dated September 5, 1995, that his request was denied; the reason given was the plaintiff's unacceptable attendance record during his employment with the Postal Service. After his request for reinstatement was turned down, the plaintiff filed an EEO complaint wherein he contended that he was refused reinstatement because he was black

-2-

and because he had filed an EEO complaint during his previous employment, for "discrimination based on reprisal."[1]

An EEO investigation into the refusal to reinstate the plaintiff was conducted, evidence was taken, and, in a written decision dated April 17, 1997, in which the law was stated and applied to the facts, the plaintiff's claims that he was denied reinstatement due to race discrimination and reprisal were rejected. The plaintiff then filed the current lawsuit in which he raises the same claims he presented to the EEO. The plaintiff states that he relies on the evidence and materials presented in the EEO proceedings to establish his claims in this court. The plaintiff's deposition was also taken in this lawsuit.

### The Evidence

The summary judgment evidence shows the following. Jane Tarpley, the Postal Services' Human Resources Specialist, Alabama Division, gathered the records necessary for a decision on the plaintiff's request for reinstatement. It was Tarpley who informed the plaintiff, by letter, of the decision not to reinstate him. The decision not to grant the plaintiff's request for reinstatement was made by James L. Helton, Senior Personnel Service Specialist, pursuant to

---

[1] The plaintiff alleged a conspiracy during his past employment with the Postal Service which allegedly encompassed or resulted in a breach of contract, wrongful suspension, wrongful delay of wages, falsifying personnel files, discrimination, retaliation, and misleading answers in a sworn statement. The plaintiff is not making a separate claim for anything which happened during the time of his employment with the Postal Service. (In a letter he sent to the Postal Service, the plaintiff stated that he quit his job for what turned out to be "stress related depression probably due to occupational stress.")

§ 323.231 of the Employee and Labor Relations Manual, which provides that "[r]einstatement of a former federal or postal employee is at the discretion of the appointing official."  Both Tarpley and Helton, in sworn statements or statements made under penalty of perjury, state that they had not been aware of Helton's race or his prior EEO complaint at the time records relative to his reinstatement request were gathered or when the decision was made. Helton further states that his decision to deny reinstatement was based solely on the plaintiff's unacceptable attendance record while he was a Postal Service employee.

In his deposition, the plaintiff states that no one affiliated with the Postal Service had said anything to him which indicated a bias against him.  The plaintiff also admitted that during his previous employment with the Postal Service he had been reprimanded for unsatisfactory attendance. The plaintiff's prior EEO complaint concerned, among other things, a fourteen-day suspension for unsatisfactory attendance, issued on July 25, 1985.

In her investigative affidavit, Tarpley stated that no other similarly situated person was treated differently from the plaintiff.  She stated that there were, however, twelve similarly situated persons who were treated the same as the plaintiff, eight of whom were denied reinstatement in 1994-95, before the plaintiff's reinstatement request was denied, and four of whom were denied reinstatement in 1996, after the plaintiff's request was denied.  The evidence also contains copies of letters sent to five other persons informing them that their requests for reinstatement had been denied because of unacceptable prior attendance.  These letters were identical to the letter sent the plaintiff.  Of those five persons, plus the plaintiff, four were black

and two were white. Also out of these five persons, plus the plaintiff, one white former employee and one black former employee had engaged in prior EEO activity.

## Analysis

The plaintiff asserts that Helton must have been aware of the plaintiff's race and prior EEO activity when he denied the plaintiff's reinstatement request, because Tarpley's letter to the plaintiff stated that "available records were reviewed, including official personnel folder," and Helton stated that he reviewed the "reinstatement request and related files." The plaintiff asserts that his prior discrimination/reprisal allegations were contained in the materials Helton saw, specifically his prior EEO complaint itself and his letter for reinstatement.

The 1985 EEO complaint did not state the plaintiff's race, although knowledge of the document itself is knowledge of the prior EEO complaint. As to the request for reinstatement, it was asserted therein that there had been a conspiracy to harass the plaintiff on the job, but the request for reinstatement did not state that the plaintiff had filed an EEO race discrimination complaint.

It is not known what the "available records," the "official personnel folder," or "the related files" contained. On the other hand, Helton has stated under oath or declared under penalty of perjury that he did not know of the plaintiff's prior EEO complaint or his race when he decided not to reinstate the plaintiff. Since the plaintiff has not pointed to evidence from which it could be found that Helton knew of the plaintiff's prior EEO complaint or the plaintiff's

race when he denied the plaintiff's request for reinstatement, it cannot be found that Helton had such knowledge. Thus, Helton's decision not to reinstate the plaintiff could not have been because of the plaintiff's race or in reprisal for his having previously filed an EEO complaint. Even if Helton had known the plaintiff's race or that he had previously filed an EEO complaint, the plaintiff still cannot prevail on either claim.

Under the familiar *McDonnell Douglas* standard, the plaintiff can establish a prima facie case of intentional discrimination by producing evidence that he is a member of a protected class, he was qualified for reinstatement, he was denied reinstatement, and that a person or persons outside the protected class were reinstated. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In *Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir. 1997), the court explained in detail the law respecting the employee's duty to establish a prima facie case of discrimination; if the employee establishes a prima facie case, the burden shifts to the employer to proffer legitimate, non-discriminatory reasons for its actions; and, if the employer proffers legitimate, non-discriminatory reasons for its actions, the plaintiff must produce evidence that the reasons given by the employer are pretextual:

> Under [the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981)] framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824; *Burdine*, 450 U.S. at 253-54 & n. 6, 101 S. Ct. at 1093-94 & n. 6.
>> Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence and if the evidence is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case.

*Burdine*, 450 U.S. at 254, 101 S. Ct. at 1094 (footnote omitted).

The effect of the presumption of discrimination created by establishment of the prima facie case is to shift to the employer the burden of producing legitimate, nondiscriminatory reasons for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802; *Burdine,* 450 U.S. at 154. To satisfy that burden of production, "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Burdine,* 450 U.S. at 154-55, (citation and footnote omitted). "[T]o satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had *not* been motivated by discriminatory animus." *Id.* at 257 (emphasis added).

If a defendant carries its burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the *McDonnell Douglas* framework "drops from the case," and "the factual inquiry proceeds to a new level of specificity." *Burdine*, 450 U.S. at 255 & n. 10. However, elimination of the presumption does "not imply that the trier of fact no longer may consider evidence previously introduced to establish a prima facie case." *Id.* at 255 n. 10. As the Supreme Court has explained:

> A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.

Once a defendant satisfies its intermediate burden of production, and the initial presumption of discrimination accompanying the prima facie case has been eliminated, the plaintiff has the opportunity to discredit the defendant's proffered explanations for its decision. According to the Supreme Court:

> [The plaintiff] now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. . . . [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or *indirectly by showing that the employer's proffered explanation is unworthy of credence.*

*Id.* at 256, 101 S. Ct. at 1095 (emphasis added)(citation omitted). In other words, the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to include that the reasons given by the employer were not the real reasons for the adverse employment decision. *Id.*; *McDonnell Douglas*, 411 U.S. at 804, 93 S. Ct. at 1825.

*Combs*, 106 F.3d at 1527-28. The defendant's burden to come forward with legitimate, non-discriminatory reasons for its actions is "exceedingly light." *Smith v. Horner*, 839 F.2d 1530, 1537 (11th Cir. 1988).

In this case, the plaintiff has not produced any evidence that white persons with unacceptable attendance records were reinstated while the plaintiff, a black person, was not. The court need go no further to conclude that the defendant is due summary judgment on the plaintiff's race discrimination claim.

As to the plaintiff's retaliation claim, in addition to asserting that the plaintiff's prior EEO complaint was unknown to Helton, the defendant states that the length of time between the prior EEO complaint and the requested reinstatement --- approximately ten years --- forbids an inference that the protected activity was the likely reason for the denial of the plaintiff's reinstatement.

*McDonnell Douglas* provides the framework for a retaliation or reprisal claim as well. *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328 (5th Cir. 1980). The plaintiff alleging retaliation must show that he engaged in protected activity, he was the subject of an adverse action, and that there is a causal connection between the protected activity and the adverse action. *Meeks v. Computer Associates Intern.*, 15 F.3d 1013, 1021 (11th Cir. 1994). The Eleventh Circuit in *Equal Employment Opportunity Commission v. Reichhold Chemicals, Inc.*, 988 F.2d 1564 (11th Cir. 1993) stated:

> [A]s for the underlying retaliation claims, plaintiff establishes a prima facie case under Title VII by showing that she exercised her protected rights, an adverse employment action occurred, and the adverse action was causally related to the plaintiff's protected activities. *Hamm v. Members of the Board of Regents*, 708 F.2d 647, 654 (11th Cir.1983). This court has interpreted the causal link requirement broadly; a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. *Simmons v. Camden County Bd. of Ed.*, 757 F.2d 1187, 1189 (11th Cir.), cert. denied, 474 U.S. 981, 106 S.Ct. 385, 88 L.Ed.2d 338 (1985). The burden of production then shifts to the defendant to establish non-retaliatory reasons for the employment actions. *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494-95 (11th Cir.1989). The plaintiff can refute these reasons by proving that they are pretextual. *Id.* Again, the burden of production shifts, but the burden of persuasion remains with the plaintiff. *Id.*"

*Id.* at 1571-72.

The court concludes that the undisputed evidence establishes that the plaintiff's reinstatement request was denied solely because of his unacceptable attendance record during his time with the Postal Service.

### Conclusion

Wherefore, the defendant's motion for summary judgment is due to be granted. An appropriate order will be entered.

DATED this 26th day of September, 2000.

H. Dean Buttram, Jr.
United States District Judge